**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| AERO CARIBE DE HONDURAS S. DE R.L., | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-10-230-M |
| | ) | |
| AIRCRAFT STRUCTURES INTERNATIONAL CORPORATION, an Oklahoma corporation, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is defendant's, Aircraft Structures International Corporation, Motion to

Dismiss, filed April 23, 2010. On April 29, 2010, plaintiff, Aero Caribe de Honduras S. de R.L.,

filed its response. Based upon the parties' submissions, the Court makes its determination.

I.      Introduction

This case arises out of a sales contract executed on May 8, 2009, between plaintiff and

defendant. Defendant agreed to sell plaintiff one 1999 Cessna Grand Caravan aircraft for the

total purchase price of $1,173,146. As required by the sales contract, plaintiff paid a $50,000

deposit. The sales contract also provided a target date of completion of six months following

receipt of the deposit. Prior to completion or delivery of the aircraft, plaintiff paid defendant an

additional $120,000. In November 2009, plaintiff's loan and financing application was deferred

because of the Honduran military coup and the resulting unstable financial and political situation.

Subsequently, plaintiff cancelled the aircraft sales contract with defendant. Plaintiff now asserts

claims of breach of contract, impossibility of performance, frustration of purpose, recovery of

monies advanced, fraud, and unjust enrichment against defendant.

Pursuant to Federal Rules of Civil Procedure 9(b), and 12(b)(6), defendant moves to dismiss plaintiff's Complaint for failure to state a claim upon which relief can be granted. Specifically, defendant contends the Complaint contains an affirmative defense which negates liability. Defendant also asserts the Complaint is comprised of conclusory statements which fail to meet federal pleading standards and fail to make plaintiff's right to recovery plausible.

## II.     Standard of Review

A complaint must contain sufficient allegations of fact "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). The plaintiff must set forth more than conclusory allegations or a "formulaic recitation of elements of a cause of action." *Id.* Pleadings must cross the line between possibility and plausibility, and allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

Beyond the general federal pleading standard set forth in *Iqbal*, the plaintiff must also comply with Rule 9(b) and the heightened pleading standard for fraud. Dismissal of a claim for failure to meet the particularity requirements of Rule 9(b) is treated as a dismissal for failure to state a claim upon which relief can be granted under Rule 12(b)(6). *Seattle-First Nat'l Bank v. Carlstedt,* 800 F.2d 1008, 1011 (10th Cir. 1986). Rule 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." *Id.* at 1010 n.1.

The primary purpose of Rule 9(b) is to afford a defendant fair notice of the plaintiff's claim and of the factual ground upon which it is based. *Farlow v. Peat, Marwick, Mitchell & Co.,* 956 F.2d 982, 987 (10th Cir. 1992). "At a minimum, Rule 9(b) requires that a plaintiff set forth the 'who, what, when, where and how' of the alleged fraud, and must set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *U.S. ex rel. Sikkenga v. Regence Bluecross Blueshield*, 472 F.3d 702, 726-27 (10th Cir. 2006).

III.   Face of Plaintiff's Complaint Does Not Establish an Affirmative Defense to Claims of Breach of Contract, Recovery of Monies Advanced, and Unjust Enrichment.

A properly raised affirmative defense may be adjudicated on a motion to dismiss if the facts establishing the defense appear on the face of the complaint and those facts are sufficient to establish an affirmative defense. *See Adams v. Campbell County Sch. Dist.*, 483 F.2d 1351, 1353 (10th Cir. 1973); *Miller v. Shell Oil Co.,* 345 F.2d 891, 893 (10th Cir. 1965). The court should not consider facts or matters outside the complaint, otherwise, the motion ceases to be appropriate under Rule 12(b)(6) and is more properly considered a motion for summary judgment. *Id.* Having carefully reviewed plaintiff's Complaint, the Court finds the Complaint does not set forth an affirmative defense on its face and consideration of such affirmative defense would require an examination of outside evidence.

Defendant contends the Complaint sets forth an affirmative defense under the doctrine of prevention principle. While it is well settled in Oklahoma that a party to a contract who prevents or hinders performance cannot seek performance by the other contracting party, it is not clear from the Complaint that defendant's performance was, in fact, hindered. *See Murphy Oil USA, Inc. v. Wood*, 483 F.3d 1008, 1015 (10th Cir. 2006). Upon reviewing plaintiff's Complaint, the

Court finds the Complaint does not contain sufficient facts to establish an affirmative defense under the doctrine of prevention principle. The only fact supporting defendant's defense of prevention is that plaintiff cancelled the sales contract in November. Plaintiff, in response, identifies an agreement to expedite the sales contract and other considerations which would nullify defendant's affirmative defense. Further, the Complaint contains no factual allegations as to whether plaintiff prevented defendant's continued performance or subsequent delivery of the aircraft. Therefore, to definitively establish an affirmative defense, the Court finds that it would need to consider facts beyond the four corners of plaintiff's Complaint.

Additionally, defendant relies on *Rodi v. Southern New England School of Law*, for the proposition that plaintiff's Complaint should be dismissed. 389 F.3d 5 (1st Cir. 2005). Defendant's reliance is misplaced as *Rodi* is readily distinguishable. The defendant in *Rodi* sought to assert a defense based on the Massachusetts statute of limitations. *Id.* at 18. The complaint contained a date, which on its face, would have indicated that the statute of limitations had run. *Id.* However, given the procedural posture and history of the case, the statute of limitations had not yet run. *Id.* at 19. The court found dismissal was improper under 12(b)(6) and the plaintiff had sufficiently set forth an allegation of fraudulent misrepresentation.

Here, defendant's affirmative defense requires more than a simple calculation of time. An affirmative defense involving the prevention of performance would require the Court to engage in the weighing of evidence, unlike a straightforward statute of limitations defense. Additionally, the affirmative defense is not evident on the face of the Complaint as it was in *Rodi*. For these reasons, the Court finds the Complaint does not on its face set forth sufficient facts to establish an affirmative defense.

IV.     Plaintiff States Plausible Claims for Impossibility of Performance and Frustration of Performance.

A party is permitted to plead alternative defenses and causes of action, regardless of any inconsistency. *See* Fed. R. Civ. P. 8(d). If a complaint contains alternative statements, the pleading is considered sufficient if any one of the causes of action is sufficient. *Id.* Defendant asserts that plaintiff's claims of impossibility and frustration of purpose do not rise above conclusory allegations. In response, plaintiff states its claims of impossibility and frustration are alternative and equitable causes of action which satisfy the federal pleading standards. Specifically, plaintiff asserts these claims are necessary for equitable recovery in the event the Court holds the original sales contract effective. The Court finds plaintiff has stated alternative, plausible causes of action for an equitable remedy.

Defendant contends that plaintiff's allegations regarding impossibility of performance and frustration of purpose are merely threadbare recitals of elements. Upon a careful reading of plaintiff's Complaint in its entirety, the Court finds plaintiff has crossed the threshold and pled enough facts to make the right to relief plausible. Within the Complaint's factual background, plaintiff identifies the Honduran military coup and its effect on the parties' contract. Specifically, the Complaint states that plaintiff's loan application was deferred by Banco Atlantida because of the financial and political situation created by the coup in Honduras. By pleading an unforeseen event by an uninvolved third party, plaintiff has set forth enough information to put defendant on notice of its equitable claims and potential defenses. For these reasons, the Court finds that plaintiff has set forth sufficient allegations of fact to satisfy federal pleading standards and make the right to relief plausible.

<u>V.</u>     <u>Plaintiff's Fraud Allegation Fails to Meet Heightened Pleading Standards.</u>

To survive a motion to dismiss, a plaintiff, who is asserting a fraud claim, must plead: (1) the defendant made a material representation that was false; (2) the defendant knew the representation was false at the time it was made; (3) the representation was made with the intention that the plaintiff act upon it; and (4) the plaintiff acted in reliance upon the representation and suffered harm.  *Silk v. Phillips Petrol. Co.*, 760 P.2d 174, 176-77 (Okla. 1988).  Reviewing plaintiff's Complaint, the Court finds plaintiff has failed to plead fraud with the requisite particularity.

Plaintiff's Complaint makes broad allegations regarding defendant's representations, but provides no details about the content, timing, or individuals involved in the expedited delivery negotiations.  The Complaint speaks in terms of "numerous occasions and assurances" on the part of defendant, but does not name any employees or point to any specific agreement terms between the parties.  At best, plaintiff contends defendant agreed to expedite delivery of the aircraft, but fails to describe specific individuals with whom plaintiff dealt, the content of any representations made by defendant, and the precise place of any representation.  Specifically, the Complaint contains no mention of an agreed upon cost or delivery date.  These general statements are not sufficient to put defendant on notice as to the who, what, when, where, and how of the fraudulent representation.

Further, the Complaint merely states defendant was aware that it could not deliver the aircraft on an expedited basis. The Complaint fails to identify any factual basis to support such allegation. The Court finds there is nothing beyond this conclusory statement which would support an inference that the representation was false at the time it was made. Therefore, because

the Complaint lacks specific details regarding any alleged representation and fails to allege the requisite state of mind, the Court finds plaintiff's fraud claim does not meet the requirements under Federal Rule of Civil Procedure 9(b).

## VI.    Conclusion

Therefore, for the reasons set forth above, the Court GRANTS IN PART AND DENIES IN PART defendant's Motion to Dismiss [docket no. 12] as follows:  (A) the Court DENIES the motion to dismiss as to plaintiff's breach of contract, impossibility of performance, frustration of performance, recovery of monies advanced, and unjust enrichment claims, and (B) the Court GRANTS the motion to dismiss as to plaintiff's fraud claim.  However, the Court grants plaintiff leave to file an amended complaint to cure the above-referenced deficiencies in its fraud claim. Said amended complaint shall be filed within 14 days of the date of this Order.

**IT IS SO ORDERED this 23rd day of August, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE